**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

BOARD OF TRUSTEES OF THE
TEAMSTERS LOCAL 631 SECURITY
FUND FOR SOUTHERN NEVADA, *et al.*,

     *Plaintiffs*,

     v.

ARATA EXPOSITIONS, INC., *et al.*,

     *Defendants*.

Civil No.: 1:26-cv-00147-JRR

## MEMORANDUM AND ORDER

Pending now before the court is Plaintiffs the Board of Trustees of the Teamsters Local 631 Security Fund for Southern Nevada, the Board of Trustees of the Teamsters Convention Industry Training Fund, and the Board of Trustees Teamsters Local 631 Convention Vacation Savings Plan's Motion to Stay Case at ECF No. 39 (the "Motion"). The court has reviewed all papers. No hearing is necessary. Local Rule 105.6 (D. Md. 2025).

## I.    Introduction

On October 20, 2025, Plaintiffs initiated this case to register a default judgment entered by the U.S. District Court for the District of Nevada against Defendants Arata Expositions, Inc. ("Arata"), and AE I & D, LLC ("AE"). (ECF No. 1.) The Nevada court entered judgment by default in favor of Plaintiffs and against Defendant Arata for $730,719 plus post-judgment interest, and against Defendant AE for $1,349,927 plus post-judgment interest. (ECF No. 1-2.) Upon registering the foreign judgment against Defendants (both Maryland companies) in this court, Plaintiffs applied for writs for garnishment, which the Clerk's Office subsequently issued. (ECF Nos. 3–4, 8–9.) Truist Bank as Garnishee filed an answer to the writs of garnishment, stating,

relevant here, that it holds $796,663.89 in a checking account under Defendant Arata's name pending further order of the court. (ECF No. 11.)

On January 9, 2026, Defendants filed a Motion for Relief from Final Order, Motion to Quash, Motion to Remove Levy, and Request for Prompt Hearing. (ECF No. 16; "Motion for Relief.") Defendants argue the default judgment entered in Nevada is void because Defendants were never served with summons in that case. *Id.* In the Motion for Relief, Defendants ask this court to take the following action:

> Set aside the enrollment of judgment, application for Writs, and Writs pursuant to FRCP 60(b)(4);
>
> Quash the enrollment of judgment, application for Writs, and Writs pursuant to Md. 2-535(b) and Md. 2-322;
>
> Remove or reduce the levy pursuant to Md. Rule 2-643; and
>
> Hold an evidentiary hearing pursuant to Md. Rule 2-643.

(ECF No. 16 at pp. 2–3.) Primary to the analysis is whether the default judgment is void as set forth above. Importantly, however, Defendants ask this court to set aside the default judgment even if the court does not conclude it is void. *Id.* at p. 12.

Briefing on the Motion for Relief concluded on February 6, 2026. (ECF No. 22.) On February 9, 2026, the court scheduled an evidentiary hearing to be held on February 23, 2026. (ECF No. 25.) On February 17, 2026, Defendants filed a consent motion to continue the hearing, and the court then rescheduled the evidentiary hearing for April 16, 2026. (ECF Nos. 35–36, 38.) On February 26, 2026, following post-judgment discovery efforts by Plaintiffs in Nevada, Defendants filed a motion in the Nevada court to set aside the order granting default judgment pursuant to Federal Rules of Civil Procedure 55(c) and 60(b). (Nev. Case No. 24-960, ECF No. 22.) As of the date of this memorandum opinion and order, that motion is ripe and pending.

On March 19, 2026, Plaintiffs filed the instant Motion, arguing that the Nevada motion to vacate "raises the same core issues" that Defendants have asserted here and thus this action should be stayed to "conserve judicial resources, avoid the risk of conflicting rulings by two federal courts on the same dispositive issue, and promote the interests of comity between coordinate federal courts." (ECF No. 39 at p. 2.)

## II.    Analysis

Plaintiffs move for a stay of this action pursuant to this court's broad discretion to manage its docket. Indeed, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In considering a discretionary motion to stay, courts generally consider three factors: (1) "the impact on the orderly course of justice, sometimes referred to as judicial economy, measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected from a stay"; (2) "the hardship to the moving party if the case is not stayed"; and (3) "the potential damage or prejudice to the non-moving party if a stay is granted." *Int'l Refugee Assistance Project v. Trump*, 323 F. Supp. 3d 726, 731 (D. Md. 2018) (citing cases). Plaintiffs bear the burden of showing of the necessity of a stay here, *see Int'l Refugee Assistance Project*, 323 F. Supp. 3d at 731, and they must show same "by clear and convincing circumstances outweighing potential harm to the party against whom it is operative," *see Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983).[1]

---

[1] The parties argue extensively about which of them is responsible for the current state of the parallel proceedings and the purported risk of inconsistent rulings. (ECF No. 39 at p. 6; ECF No. 41 at pp. 7–9, 11–12; ECF No. 43 at pp. 3–5.) That dispute does not bear on the court's analysis for the reasons set forth herein.

### 1. *Judicial Economy*

First, while the court appreciates there is some judicial economy to be had by entry of a stay, as Defendants have moved in two courts for overlapping relief, the court finds this factor does not weigh strongly in favor of either outcome.[2]  Plaintiffs' assertions of judicial economy largely turn on speculation that certain contingencies may come to bear—that the Nevada court may decide to vacate the judgment, thereby affecting the papers pending here; that there is a risk of inconsistent rulings if this court decides, as Defendants' request, to consider whether the Nevada court's default judgment should be vacated, even if the court does not find it void.  But there are also possible outcomes that may have no effect on the matter pending before this court.  For instance, if the Nevada court denies the motion to vacate, Defendants' motion before this court remains live and this court will still need to address the arguments asserted therein.  Additionally, the issues raised in the Motion for Relief are not limited to whether the default judgment should be vacated; they include, *inter alia*, whether this court may enforce the default judgment or if it is void, and whether Plaintiffs' writs of garnishment may be enforced based on purported issues with same.

---

[2] Plaintiffs cite to a Fourth Circuit decision to argue the court should avoid the risk of an inconsistent ruling upon the facts here.  While of course all courts seek to avoid inconsistent rulings for myriad reasons, the authority Plaintiffs cite bears on indispensable party analysis under Rule 19(b) *re* necessary joinder, not foreign judgment registration. For greater context, it provides:

> The third factor addresses the adequacy of a judgment rendered in the non-joining party's absence, which focuses on "the interest of the courts and the public in complete, consistent, and efficient settlement of controversies." *Provident Bank,* 390 U.S. at 111, 88 S.Ct. 733. Here the parallel proceedings could produce just the opposite: incomplete, inconsistent, and inefficient rulings. Thus this factor also points to the Builders as indispensable parties in the proceedings. *See Nat'l Union,* 210 F.3d at 253.

*Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 436 (4th Cir. 2014).  In any event, for the reasons set forth herein, the court is not persuaded this supports a stay upon the circumstances here.

4

In all, while there are possible risks inherent in parallel proceedings addressing a common issue, such risks are not yet present here. And further, measures are available to mitigate any such risks should events come to pass. Thus judicial economy, including avoidance of potential inconsistent outcomes absent a stay, does not favor of a stay at this juncture.

### 2. Defendants' Hardship

Second, Plaintiffs' argument in favor of a stay neglects that Defendants do indeed face hardship by entry of a stay. As Defendants' put it: "[a]s a direct result of these proceedings, approximately $796,663.89 of Arata's funds are presently frozen in a Truist Bank checking account pursuant to the Writs [of Garnishment]." (ECF No. 41 at p. 12.) Pursuant to the Maryland Rules, Defendants have requested a prompt hearing related to release such funds from the levy. *See* MD. RULE 2-643(f). As Defendants note, there is no applicable timeframe within which the Nevada court will decide the motion before it. And while that motion is pending, Defendants' funds will remain inaccessible to them despite their substantive challenges to this action and their entitlement to a prompt hearing under the Maryland Rules. In view of the foregoing, this factor does not favor a stay.

### 3. Potential Damage or Prejudice to Plaintiffs

Finally, for the reasons set forth above, any harm to Plaintiffs based on "conflicting results" in these two proceedings is speculative and is subject to mitigation efforts.[3] Further, while the court appreciates that Plaintiffs contend they have spent considerable resources for years related

---

[3] Plaintiffs argue that, absent a stay, they will experience delay in their prosecution of this action based on possible conflicting outcomes. For the reasons set forth above, this is not persuasive. In any event, it is not clear to this court how proceeding with an expedited hearing will delay Plaintiffs' prosecution of their case, especially where this court will still need to adjudicate Defendants' Motion for Relief if the Nevada court denies Defendants' motion pending there.

to the matters underlying this action, such claims do not support a showing of prejudice here in permitting this action to proceed as opposed to imposing an indeterminate stay.

For the foregoing reasons, the court is not persuaded that a discretionary stay is warranted.

**III.    Conclusion and Order**

For the foregoing reasons, it is this 7th day of April 2026:

**ORDERED** that the Motion to Stay (ECF No. 39) shall be, and is hereby, **DENIED**.


/S/

_____

Julie R. Rubin
United States District Judge